The opinion of the Court was drawn up by
Parker C. J.
The charge of the judge which is com *195 plained of, is, that if the loss was owing to the defect of the bridge, and not to the mismanagement of the driver, the plaintiff should recover, unless the driver was guilty of gross carelessness or negligence in attempting to pass the causeway.
The first part of the charge is admitted to be right, but it is contended that the qualification was wrong, because if there was want of ordinary care as to going upon the causeway and attempting to pass, the plaintiff ought not to recover. We are satisfied that this part of the charge was right also, and that travellers are not obliged, in order to be entitled to damages for loss occasioned by actual deficiencies of roads or bridges, to look far ahead for obstructions or defects, when none ought to be suffered to exist. The carelessness supposed to be sufficient to defeat the right of action, is in not having seen from the eminence on the approach to the causeway, that it was not passable without hazard; but surely travellers are not required to be constantly on the look out for difficulties which they have a right to presume will not occur. When on the eminence, the boy who drove the horse might have had his attention engaged so as not to see the water on the causeway. From the eminence to the bridge there was no obstruction. Having arrived at the bridge he saw that he could not without danger pass the causeway on the other side, and prudently wished to return. The bridge and causeway ought to have been sufficient to do so. His coming to the bridge does not show any want of ordinary care, and was certainly not gross negligence.
There has been some misunderstanding of the charge, arising from the arrangement of the words in the report. It may admit of the construction, that notwithstanding there was an indiscretion and want of ordinary care at the time of the accident, yet the plaintiff should recover. If this were the necessary construction, the charge would be wrong; for if there be not ordinary care, there must be negligence, and if there were negligence to which the loss might be attributed, the plaintiff ought to bear the loss. Thus, if from foolhardiness one should plunge his horse into water, which by a flood had covered a causeway, he knowing it to be so, or if he should enter upon a bridge which he saw was weakened by *196 a storm, he ought not to be indemnified for his carelessness. But we understand this part of the charge to be applicable only to the not having seen the water at a distance, from the eminence, or if it was seen, not exercising sufficient judgment to avoid mischief, by returning. And in this sense the charge was right; for it cannot be exacted as a duty of travellers, to calculate at a distance what may be the effect of continuing their route. It was left rightly to the jury, that if there was gross carelessness and rashness in going to the causeway, then although .there might be no mismanagement .afterwards, the plaintiff could not recoverbut if, on the contrary, there was no such rashness in approaching the place of danger, then, as there was no mismanagement there, he ought to recover.
In this view of the charge, which we think must have been so taken by the jury, and which was agreeable to the intention of the judge, it does not militate against the doctrine laid down in the case of Smith v. Smith, 2 Pick. 623, [2nd ed. 624, note 1,] in which it is held, that ordinary care in the management of the horse is requisite, to entitle a party to damage suffered from obstruction in a public way.[1]

 See Farnum v. Concord, 2 N. Hampsh. R. 392; Bigelow v. Weston, ,3 Pick. (2nd ed.) 269, note 2; Reed v. Northfield, 13 Pick. 94; Lane v. Crombie, 12 Pick. 177; Harlow v. Hummiston, 6 Cowen, 191; Howard v. North Bridge cater,16 Pick. 189.